UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEREK MORTLAND, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>MM HOSPITALITY LLC, )<br>)<br>Defendant. )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: _____\<br><br>JUDGE _____\<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181 *et seq.*<br><br>**2ND CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of Michigan Persons with Disabilities Civil Rights Act M.C. L. 37.1301, *et seq.* |

Plaintiff DEREK MORTLAND Complains of Defendant MM HOSPITALITY LLC, and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

2. Plaintiff DEREK MORTLAND is a person with physical disabilities who, on or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

about May 22, 2020 to May 23, 2020, was an invitee, guest, patron, or customer at Defendant's property, which houses the HAMPTON INN SOUTH HAVEN hotel, located at 04299 Cecilia Dr., South Haven, MI 49090. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Michigan legal requirements, and MORTLAND suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.  **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Michigan law, whose goals are closely tied with the ADA, including but not limited to violations of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

4.  **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of South Haven, County of Van Buren, State of Michigan and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.  Plaintiff DEREK MORTLAND is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

MORTLAND is a "person with physical disabilities," as defined by all applicable Michigan and United States laws. MORTLAND requires the use of a wheelchair to travel about in public. Consequently, MORTLAND is a member of that portion of the public whose rights are protected by the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

6. Defendant MM HOSPITALITY LLC, a Michigan limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the HAMPTON INN SOUTH HAVEN hotel, a public accommodation, located at/near 04299 Cecilia Dr., South Haven, MI 49090, and subject to the requirements of Michigan state law requiring full and equal access to public facilities pursuant to the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject HAMPTON INN SOUTH HAVEN hotel as a public facility at/near 04299 Cecilia Dr., South Haven, MI 49090. The business, the HAMPTON INN SOUTH HAVEN hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

8. At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 04299 Cecilia Dr., South Haven, MI 49090. As such, Defendant is jointly and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

> **§ 36.201**     **General**
>
> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> CFR §36.201(b)

9.  Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

leases to), or operates, the HAMPTON INN SOUTH HAVEN hotel, located at 04299 Cecilia Dr., South Haven, MI 49090. HAMPTON INN SOUTH HAVEN hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq*. On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the HAMPTON INN SOUTH HAVEN hotel to handicapped access requirements.

11. Plaintiff DEREK MORTLAND is a person with a disability. MORTLAND is a "physically disabled person," as defined by all applicable Michigan and United States laws. MORTLAND is paralyzed because of a motorcycle accident and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the HAMPTON INN SOUTH HAVEN hotel as being handicapped accessible and handicapped usable.

13. On or about May 22, 2020 to May 23, 2020, MORTLAND was an invitee and guest at the subject HAMPTON INN SOUTH HAVEN hotel, arriving for purposes of obtaining lodging.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, MORTLAND personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, MORTLAND, who is a person with disabilities, encountered the following inaccessible elements of the subject HAMPTON INN SOUTH HAVEN hotel which constituted architectural barriers and a denial of the proper and legally

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

required access to a public accommodation to persons with physical disabilities. By way of example and not as an exhaustive inventory of Defendant's violations, the following barriers to access were personally encountered by plaintiffs:

a. In the parking area, at the accessible parking south of the main entry, the access aisle is not located on an accessible route of travel to the accessible building entrance in violation of 2010 ADAS Section: 208.3.1, 502.3 and 1991 ADAS Section: 4.6.3.

b. In the parking area, at the accessible parking north of the main entry, the access aisle is not located on an accessible route of travel to the accessible building entrance in violation of 2010 ADAS Section: 208.3.1, 502.3 and 1991 ADAS Section: 4.6.3.

c. In the parking area, there is no accessible route of travel from the public way in violation of 2010 ADAS Section: 206.2.1 and 1991 ADAS Section: 4.1.2(1).

d. In the parking area, the parking sign is mounted too low south of the main building entry in violation of 2010 ADAS Section: 502.6.

e. In the parking area, the leftmost parking sign is mounted too low north of the main building entry in violation of 2010 ADAS Section: 502.6.

f. In the parking area, the rightmost parking sign is mounted too low north of the main building entry in violation of 2010 ADAS Section: 502.6.

g. In the parking area, the walkway contains abrupt vertical edges and/or variations over a 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2 and 1991 ADAS Section: 4.5.2.

h. At the main entrance, all low energy power operated (Automatic) doors shall be marked with a sign, visible from both sides of the door, with the words "AUTOMATIC CAUTION DOOR" The sign shall be a minimum of 6 inches in diameter and with minimum 5/8" tall black lettering on a yellow background in violation of 2010 ADAS Section: 404.3 and 1991 ADAS Section: 4.13.12.

i. At the main entrance, there is no ISA at this entrance in violation of 2010 ADAS Section: 216.6 and 1991 ADAS Section: 4.1.2(7)(c).

j. At the main entrance, the landing at the sliding door exceeds 2% slope in violation of 2010 ADAS Section: 404.2.4.4.

k. At the main entrance, the threshold has a vertical change greater than 1/4 inch high in violation of 2010 ADAS Section: 404.2.5 and 1991 ADAS Section: 4.13.8.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

l. At the main entrance, the building entrance is not located on an accessible route in violation of 2010 ADAS Section: 206.2.1 and 1991 ADAS Section: 4.1.2(1).

m. At the main entrance, there is no accessible route to the outdoor smoker's area across from the main entrance in violation of 2010 ADAS Section: 206.2.2 and 1991 ADAS Section: 4.1.2(1).

n. At the main entrance, the smoker's area across from the main entrance is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

o. At other entrances, the south side building entrance doors are not located on an accessible route in violation of 2010 ADAS Section: 206.2.1 and 1991 ADAS Section: 4.1.2(1).

p. At other entrances, the building entrance door just north of the main entry doors is not located on an accessible route in violation of 010 ADAS Section: 206.2.1 and 1991 ADAS Section: 4.1.2(1).

q. At other entrances, at least 60% of all public entrances must be accessible and on an accessible route to the public way in violation of 2010 ADAS Section: 206.4.1.

r. In the men's public restroom, there is not enough knee clearance under the drinking fountain by the public restrooms in violation of 2010 ADAS Section: 602.2 and 1991 ADAS Section: 4.15.5.

s. In the men's public restroom, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 2010 ADAS Section: 604.5.2 and 1991 ADAS Section: 4.17.6.

t. In the men's public restroom, the rear grab bar is not a minimum 36 inches in length in violation of 2010 ADAS Section: 604.5.2 and 1991 ADAS Section: 4.16.4.

u. In the men's public restroom, the side grab bar is not correctly spaced from the wall or partition in violation of 2010 ADAS Section: 609.3 and 1991 ADAS Section: 4.26.2.

v. In the men's public restroom, the toilet is not located within the range allowed from the side wall or partition in violation of 2010 ADAS Section: 604.2.

w. In the men's public restroom, the flush handle is located on the wrong side of the toilet in violation of 2010 ADAS Section: 604.6.

x. In the men's public restroom, the coat hooks are installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1 and 1991 ADAS Section: 4.2.5.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7

y. In the men's public restroom, the paper towel dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section: 308.2.1.

z. In the men's public restroom, the soap dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section: 308.2.1.

aa. In the men's public restroom, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3.

bb. In the men's public restroom, the top rim of the lavatory is too high in violation of 2010 ADAS Section: 606.3 and 1991 ADAS Section: 4.19.2.

cc. In guest room #112, the drape wands are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

dd. In guest room #112, the drape wands are not accessible because they require tight grasping, pinching or twisting of the wrist in violation of 2010 ADAS Section: 309.4 and 1991 ADAS Section: 4.27.4.

ee. In guest room #112, the required clear space on both sides of the bed has not been provided in violation of 2010 ADAS Section: 806.2.3 and 1991 ADAS Section: 9.2.2(1).

ff. In guest room #112, there is no accessible route to the nightstand, lamp and alarm clock in violation of 2010 ADAS Section: 206.2.2 and 1991 ADAS Section: 4.1.3(1).

gg. In guest room #112, the required clear floor space is not wide enough at the nightstand, lamp and alarm clock in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

hh. In guest room #112, the top rim of the lavatory is too high in violation of 2010 ADAS Section: 606.3 and 1991 ADAS Section: 4.19.2.

ii. In guest room #112, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 1991 ADAS Section: 4.19.4.

jj. In guest room #112, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3.

kk. In guest room #112, the clear floor space only allows for a forward approach and the wash cloths, towels and shelves are out of reach range in violation of 2010 ADAS Section: 308.2.2 and 1991 ADAS Section: 4.2.5.

ll. In guest room #112, the rear grab bar is obstructed by the shelving in violation of 2010 ADAS Section: 609.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

mm. IN guest room #112, the rear grab bar is not correctly spaced from the wall or partition in violation of 2010 ADAS Section: 609.3 and 1991 ADAS Section: 4.26.2.

nn. In guest room #112, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 2010 ADAS Section: 604.5.2 and 1991 ADAS Section: 4.17.6.

oo. In guest room #112, the side grab bar is not correctly spaced from the wall or partition in violation of 2010 ADAS Section: 609.3 and 1991 ADAS Section: 4.26.2.

pp. In guest room #112, bathtubs must have a minimum 24 inch grab bar at the control end 33" - 36" to the top of the grab bar in violation of 2010 ADAS Section: 607.4.1.2 and 1991 ADAS Section: 4.20.4.

qq. In guest room #112, the top grab bar is not located correctly in violation of 2010 ADAS Section: 607.4.1.1 and 1991 ADAS Section: 4.20.4.

rr. In guest room #112, the bath tub seat height is not correct in violation of 2010 ADAS Section: 610.2.

ss. In guest room #112, the shower chair provided for the shower does not fit the tub and lacks firm, non-slip, rubber tips at the bottom of the legs. The plaintiff was not able to use the bathing facilities because of the extreme danger the shower chair provided in violation of 2010 ADAS Section: Advisory and 1991 ADAS Section: Advisory.

tt. In guest room #112, the towel hooks are installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1 and 1991 ADAS Section: 4.2.5.

uu. In guest room #112, the maximum allowable reach cannot be obtained because the knee clearance is obstructed in violation of 2010 ADAS Section: 306.3.3 and 1991 ADAS Section: 4.2.5.

vv. In other guest rooms, there may be no accessible bathing or shower facilities in violation of 2010 ADAS Section: 213.3.6 and 1991 ADAS Section: 4.1.3(1.

ww. At the pool, at the time of the evaluation the lift had a protective cover on it and was not accessible without assistance in violation of 2010 ADAS Section: 242.2.

xx. At the pool, the spa does not contain a mechanism to assist persons with disabilities in gaining entry into the spa and in exiting from the spa in violation of 2010 ADAS Section: 242.4.

yy. At the fitness center, the telephone is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9

zz. At the fitness center, there is no accessible route to the telephone in violation of 2010 ADAS Section: 206.2.2 and 1991 ADAS Section: 4.1.3(1).

aaa. At the fitness center, the water cooler is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

bbb. At the fitness center, there is no accessible route to the water cooler in violation of 2010 ADAS Section: 206.2.2 and 1991 ADAS Section: 4.1.3(1).

ccc. At the fitness center, the coat hooks are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1. '

ddd. In regards to a range of accommodations, accessible guest rooms may not be dispersed among the various classes of sleeping accommodations in violation of 2010 ADAS Section: 224.5 and 1991 ADAS Section: 9.1.4.

eee. In regards to reservations, the reservation system is in violation of 28 C.F.R. Section 36.302(e). A reservation was made and confirmed for a mobility accessible roll-in shower room. Upon arrival the plaintiff learned that the room had given away to another guest. The plaintiff was not able to bathe while a guest because of the dangers posed by bathtub and shower chair in the room provided.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, MORTLAND was denied his civil rights to full and equal access to public facilities. MORTLAND suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

20. MORTLAND, as described herein below, seeks injunctive relief to require the HAMPTON INN SOUTH HAVEN hotel to be made accessible to meet the requirements of both Michigan law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the HAMPTON INN SOUTH HAVEN hotel as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Michigan and federal law.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, MORTLAND and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the HAMPTON INN SOUTH HAVEN hotel accessible to persons with disabilities.

23. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the HAMPTON INN SOUTH HAVEN hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Michigan.

24. On information and belief, the subject public facility of the HAMPTON INN SOUTH HAVEN hotel denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

25. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the HAMPTON INN SOUTH HAVEN hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

26. Plaintiff will return to the subject HAMPTON INN SOUTH HAVEN hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

29. Should the HAMPTON INN SOUTH HAVEN hotel become accessible, MORTLAND will visit it again because he frequently travels through Van Buren County, Michigan.

30. Furthermore, plaintiff intends to return to the HAMPTON INN SOUTH HAVEN hotel as an ADA tester on an annual basis beginning in 2020, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

31. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

34. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

42 U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, making available damage remedies.

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject HAMPTON INN SOUTH HAVEN hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject HAMPTON INN SOUTH HAVEN hotel occurred after the compliance date for the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about May 22, 2020 to May 23, 2020, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

44. Plaintiff seeks damages pursuant to the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, which provide, within the statutory scheme, that a violation of the ADA and/or Michigan's accessibility standards is a violation of Michigan law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301, ET SEQ.**

45. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46. At all times relevant to this action, the HAMPTON INN SOUTH HAVEN hotel and the business therein, are "places of public accommodation" pursuant to M.C.L. 37.1301(a).

47. Defendant committed an unlawful act pursuant to M.C.L. 37.1302(a) by denying Plaintiff his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability, as prohibited by M.C.L. 37.1302.

48. Plaintiff has desired and attempted to enjoy the goods and services at the HAMPTON INN SOUTH HAVEN hotel as a customer. He has been prevented from doing so do to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in M.C.L. 37.1606.

49. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

50. Pursuant to Michigan law, plaintiff is entitled to compensatory and punitive damages, and

attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff DEREK MORTLAND prays that this court grant relief and damages as follows:

I.  **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make HAMPTON INN SOUTH HAVEN hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

I.  **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301,** *ET SEQ.*

4. For injunctive relief, compelling Defendant to make HAMPTON INN SOUTH HAVEN HOTEL, readily accessible to and usable by individuals with disabilities, per state law.

5. General and compensatory damages according to proof;

6. All damages for each day, from the inception of the filing of this complaint, on

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 19

which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

      7.     Attorneys' fees pursuant to Michigan law, if plaintiff is deemed the prevailing party;

      8.     Punitive damages, pursuant to Michigan law;

      9.     For all costs of suit;

      10.    Prejudgment interest pursuant to Michigan law; and

      11.    Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Michigan 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff DEREK MORTLAND

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 20